UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Kennado K. Taylor, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 20-1179 |
| | ) |
| Hart, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently incarcerated at Pontiac Correctional Center, brought the present lawsuit alleging Eighth Amendment violations. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915(g). He is therefore prohibited from proceeding *in*

*forma pauperis* unless he sufficiently alleges that he is under imminent danger of serious physical injury. The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second prong, danger, must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff alleges in his lawsuit that Defendants have ignored his requests to speak with mental health officials despite his threats of suicide and acts of self-harm. Plaintiff alleges that nurses have not given him his medication on several occasions, and that the continued segregative confinement exacerbates his mental health conditions. Plaintiff indicates that these events have been ongoing since January 2020, but he does not otherwise provide specific dates for these events. Plaintiff alleges he is currently housed in the South Mental Health area of the prison and his allegations suggest he has been able to see a doctor.

Plaintiff's allegations are sufficient at this stage to satisfy the imminent danger exception to Section 1915(g). *E.g. Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018). The Court finds that Plaintiff states an Eighth Amendment claim against the named defendants for deliberate indifference to a serious medical/mental health need. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff also filed a Motion for Temporary Restraining Order. (Doc. 6). Plaintiff alleges that he is hearing voices telling him to kill himself and that he has been denied access to a crisis team. Plaintiff asks the Court to issue an injunction pending his efforts to exhaust administrative remedies. Defendants have not been served and Plaintiff has not made the required showing as to why service should not be required for the Court to issue injunctive relief. Fed. R. Civ. P. 65(a)-(b). Plaintiff has not provided information about the

medical/mental health care he is receiving, and he has not shown a reasonable likelihood of success on the merits. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003). Plaintiff's motion is denied. Given the allegations in this case, the Court will forward a copy of this order and Plaintiff's complaint to Pontiac's warden.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim against the named defendants for deliberate indifference to a serious medical/mental health need. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide

to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the

      deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to attempt service on the named defendants pursuant to the standard procedures.

12. Plaintiff filed a Motion to Request Counsel [5]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has adequately conveyed them to the Court, he has litigation experience in federal court, and he should be able to obtain relevant documents via discovery. This case does not appear overly complex at this stage. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion [5] is denied with leave to renew.

13. Plaintiff's Petition to Proceed in forma pauperis [3] is granted. Clerk is directed to assess an initial filing fee and direct payment pursuant to the standard procedures.

14. Plaintiff's motion for temporary restraining order [6] is denied.

15. Clerk is directed to send a copy of this Order and copies of Plaintiff's complaint [1] and motion for temporary restraining order [6] to Leonta Jackson, the warden at Pontiac.

Entered this 7th day of May, 2020.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE